UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DIMITAR PETLOCHKOV,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　Defendants. | CIVIL ACTION NO.<br>1:22-CV-03200-JPB |

## ORDER

This matter is before the Court on the United States of America, Keri Farley and Michael Yaeger's (collectively, "Defendants") Motion to Dismiss [Doc. 10]. This Court finds as follows:

## BACKGROUND

On April 5, 2018, Dimitar Petlechkov ("Plaintiff") was convicted of twenty counts of mail fraud in the Western District of Tennessee. United States v. Petlechkov, No. 17-20344 (W.D. Tenn. Apr. 5, 2018).[1] Based on that conviction, on August 9, 2018, the district court entered a preliminary order of forfeiture that contained a money judgment against Plaintiff in the amount of $367,099.62.

---

[1] Subsequent citations to court documents in the Western District of Tennessee case are shortened to Petlechkov, followed by the date of the specific court filing and the document number.

Petlechkov, (Aug. 9, 2018, Doc. 122). Particularly relevant here, the preliminary order identified three parcels of property located in Atlanta, Georgia, as forfeitable substitute assets in the event that the money judgment could not be collected. Id.

Before any more action was taken on the preliminary forfeiture order, Plaintiff appealed his convictions. Petlechkov, (Sept. 18, 2018, Doc. 136). The Sixth Circuit Court of Appeals vacated the convictions on seventeen counts, affirmed the convictions on three counts and remanded for resentencing. United States v. Petlechkov, 922 F.3d 762, 771 (6th Cir. 2019).

After the case was remanded, on July 9, 2020, the district court entered a second preliminary order of forfeiture that was virtually identical to the first preliminary order. Petlechkov, (July 9, 2020, Doc. 248). On July 21, 2020, Plaintiff asked the district court to vacate the entry of the forfeiture order. Petlechkov, (July 21, 2020, Doc. 251). The district court denied Plaintiff's motion to vacate on February 8, 2021, and Plaintiff again appealed to the Sixth Circuit. Petlechkov, (Feb. 11, 2021, Doc. 277). Ultimately, the Sixth Circuit affirmed the preliminary forfeiture order. United States v. Petlechkov, Nos. 21-5174/5199, 2022 WL 168651, at *5 (6th Cir. Jan. 19, 2022).

After the second appeal was resolved, the district court entered a final order of forfeiture on February 14, 2022. Petlechkov, (Feb. 14, 2022, Doc. 306). While

the final order was similar to the preliminary orders in other respects, the district court also authorized the Government to "liquidate all of the [forfeited real properties] so that it may seek to enforce its lien against [Plaintiff] as to any sale proceeds above the amount of the forfeiture money judgment up to the amount of the restitution order." Id. at 5.  Plaintiff appealed the final forfeiture order, and the appeal is currently pending with the Sixth Circuit.  Petlechkov, (Nov. 29, 2022, Doc. 338).

Instead of seeking further relief with the Western District of Tennessee or the Sixth Circuit, on August 16, 2022, Plaintiff filed a Motion for Return of Property Pursuant to Federal Rule of Criminal Procedure 41(g) in this Court. [Doc. 5].  In the motion, Plaintiff alleges that on March 8, 2022, Defendants seized the three properties located in Atlanta, Georgia, pursuant to the final forfeiture order.  Id. at 2.  Plaintiff further alleges that Defendants seized substantially more property than necessary to satisfy the money judgment.  Id.  Because Defendants allegedly seized more property than necessary, Plaintiff asks this Court to order Defendants to return the real properties to him.  On October 17, 2022, Defendants filed their Motion to Dismiss alleging that this Court is without jurisdiction to hear the matter.  [Doc. 10].  The motion is now ripe for review.

## DISCUSSION

As stated above, Plaintiff seeks the return of the three real properties located in Atlanta, Georgia, pursuant to Federal Rule of Criminal Procedure 41(g). Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Importantly, Rule 41(g) dictates that "[t]he motion must be filed in the district where the property was seized." Fed. R. Crim. P. 41(g).

Defendants argue that dismissal is required because the seizure of Plaintiff's properties occurred in the Western District of Tennessee, where the final forfeiture order was entered. Plaintiff, on the other hand, argues that the seizure occurred in this district because the properties are physically located here.

The Eleventh Circuit Court of Appeals has held that the proper venue for filing a motion to return property under Rule 41(g) lies in the district that ordered the seizure of the property and not in the district where the property is physically located. Pegg v. United States, 147 F. App'x 886, 887 (11th Cir. 2005) (affirming the dismissal of an action for lack of subject matter jurisdiction and venue where the criminal defendant filed a motion for return of forfeited property in the district where the property was physically located, rather than in the district that issued the forfeiture order). In reaching this conclusion, the Eleventh Circuit reasoned that

"[a] contrary holding would raise serious issues of judicial economy and comity between the federal district courts" because it would put one district court in the position of reviewing another district court's forfeiture order.  Id.

In this case, the properties at issue are located in Atlanta, Georgia.  However, the forfeiture order was entered in the Western District of Tennessee.  Consequently, this Court finds that jurisdiction and venue lie in the Western District of Tennessee.  See Sutton v. United States, No. 1:10-CV-1978, 2010 WL 3036006, at *1 (N.D. Ga. July 30, 2010) (dismissing case for lack of subject matter jurisdiction and venue because venue belonged in the district that ordered the seizure of the property).  Because jurisdiction and venue are proper elsewhere, Defendants' Motion to Dismiss [Doc. 10] is **GRANTED**.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss [Doc. 10] is **GRANTED**.  This action is **DISMISSED WITHOUT PREJUDICE** so that

Plaintiff may refile, if he wishes, in the proper district court.[2]  The Clerk is **DIRECTED** to close this case.

    **SO ORDERED** this 2nd day of December, 2022.

                                                          J. P. BOULEE
                                                          United States District Judge

---

[2] Because this action should have been filed in the Western District of Tennessee, Plaintiff's Emergency Motion for Preliminary Injunction [Doc. 3] is **DENIED** as moot.